UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Deborah Morris, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:10-1786-TMC |
| versus ) | |
| ) | **OPINION and ORDER** |
| Michael J. Astrue, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claims for Social Security Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ("Report"), filed on November 10, 2011. (Dkt. # 17).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

**PROCEDURAL BACKGROUND**

The Plaintiff filed an application for disability benefits on January 23, 2007, with an alleged disability onset date of January 21, 2005. The applicant was denied initially and on reconsideration by the Social Security Administration. An Administrative Law Judge ("ALJ") conducted a hearing on June 11, 2009 and on August 19, 2009, the ALJ denied Plaintiff benefits.

1

The ALJ'S finding became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on May 21, 2010. The Plaintiff then filed an action for judicial review.

The matter was referred to a United States Magistrate Judge for a report and recommendation pursuant to Title 28, U.S.C., Section 636(b)(1)(B) and Local Rule 73.02 (B)(2)(a), D.S.C. The Magistrate Judge to whom this case was referred filed a Report on November 10, 2011, in which he recommended that the Commissioner's decision be reversed and remanded for further administrative proceedings.

The parties were advised of their rights to file specific objections on November 10, 2011. (Dkt. # 17). The Commissioner filed objections on November 30, 2011. (Dkt. # 18). The Plaintiff filed a Response in Support of the Magistrate Judge's Report and Recommendation on December 14, 201. (Dkt. # 21). The matter is now ripe for review.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence has been defined . . . as "more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F. 2d 541, 543 (4th Circ. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Circ. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Circ. 1972). From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.

The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Circ. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

An individual is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 416(i)(1). In his Report, the Magistrate Judge sets forth the relevant facts and legal standards which are incorporated herein by reference.

The Magistrate Judge recommended that the decision of the Administrative Law Judge be reversed under sentence four of 42 U.S.C. Section 405 (g) for the following reasons: (1) That the ALJ did not state what weight was given to the opinions of Drs. Van Pelt and Kanos, given that said opinions did not appear to be inconsistent with the record of the case as a whole; (2) that the ALJ failed to determine, in her residual functional capacity assessment finding, the amount of time the plaintiff could stand, walk, and sit in a normal work day, as required by SSR 96-8p, 1996 WL 374184; (3) that the ALJ failed to consider whether the Plaintiff was disabled for at least a closed period of time; (4) that the ALJ did not comply with SSR 00-4p by (a) failing to question the vocational expert ("VE") regarding any potential conflicts in the hearing, and (b) failing to have the vocational expert provide numbers from the Dictionary of Occupational Titles for various jobs the VE testified the Plaintiff could perform, such that as a result, the VE, in providing testimony, relied upon information that was not included in the record.

3

In his first objection, the Commissioner alleges that the Magistrate Judge did not apply the proper standard of review to the ALJ's evaluation of physician opinions (Dkt. 18, at 1) and failed to fully discuss the ALJ's reasons for rejecting the opinions of Dr. Van Pelt and Dr. Kanos.

20 C.F.R. Section 416.927 (b) requires that all medical opinions in a social security disability case be considered and, unless a treating physician's opinion is given controlling weight, weighed according to the following non-exclusive list: (1) the length of the treatment relationship and the frequency of the examinations; (2) the nature and extent of the treatment relationships; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 20 C.F.R. Section 416.927 (d) (2)-(5). Statements that a patient is "disabled", "unable to work", or similar statements, are not medical opinions, but are, rather, administrative findings reserved for the Commissioner's determination. SSR 96-5p, 1996 WL 374183, at *5.

As noted by the Magistrate Judge in his Report, the opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case. 20 C.F.R. Section 416.927 (d) (2); *Masro v. Apfel,* 270 F.3d 171 (4th Cir. 2001). An ALJ must give specific reasons for the weight given to a treating physician's medical opinion. Treating source medical opinions are entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. Section 416.927. SSR 96-2p; 1996 WL 374188, at *5.

The record reflects that the Plaintiff sought treatment from Dr. Van Pelt in September 2006 and thereafter sought a second opinion from Dr. Kanos, who examined her in December 2006 and November 2007 (Tr. 241-43; 245-47; 382-83). Both physicians provided opinions in

4

June 2009 as to the Plaintiff's limitations. Dr. Kanos stated that he based his opinions on his physical examination of the Plaintiff, as well as the medical history and radiology (Tr. 388). Dr. Van Pelt based his opinion on the Plaintiff's pain distribution, Spurling's sign, and MRI findings (Tr. 389).

The ALJ noted that the descriptions contained in the reports of Dr. Kanos and Dr. Van Pelt were "quite vague and general, lacking specificity which might otherwise make it more convincing" (Tr. 12-13). However the record further contains detailed treatment notes and reports from both physicians, to include the analysis of the Plaintiff's symptoms based on physical examinations, medical history, and findings of various diagnostic tests, to include x-rays and MRI studies (Report, at 11, 12). As noted by the Magistrate Judge, the ALJ did not state what weight was given to the opinions of Dr. Van Pelt and Dr. Kanos, as the treating physicians, which do not appear to be inconsistent with the record as a whole.

Accordingly, the court finds that the Magistrate Judge did apply the appropriate standard of review, as the Report reflects careful scrutiny to the record as a whole to assure a sound foundation for the findings based upon rational conclusions. *Thomas v. Celebrezze*, 331 F.2d 541 (4th Cir. 1964).

The Commissioner's second stated objection to the Report is that the Magistrate Judge recommended remand with an instruction to consider a closed period of disability, when the evidence plainly did not support a closed period. The Commissioner argues that if the case is remanded, the Court should decline to instruct the ALJ to consider a closed period of disability because the ALJ would already be under an obligation to utilize the five-step sequential evaluation process and consider if the Plaintiff was disabled at any point during the relevant period, pursuant to 20 C.F.R. Section 404.1520.

As the Magistrate Judge noted in the Report, the record reveals that out of work excuses were written for the Plaintiff by her doctors on June 13, 2005; July 8, 2005; and August 9, 2005, and that on March 20, 2006, Dr. Million, who had treated the Plaintiff for carpal tunnel syndrome, indicated that Dr. Rubel had placed the Plaintiff "out of work for more proximal problems" (Report, at 14).  Given the authority cited by the Commissioner and the evidence in the record, both cited above, the Court sees no harm in directing, upon remand, that the ALJ consider whether a closed period of disability has been established.

In a footnote, the Commissioner noted non-specific objections to "each of the Magistrate Judge's recommendations, with the exception of the recommendation to uphold the ALJ's finding regarding Plaintiff's credibility". (Dkt # 18, at 1).  However, with the exception of this cursory notation, the only bases provided by the Commissioner for any objections to the Report are those referenced and addressed above.  Absent a specific objection or basis therefor, the court is disinclined to speculate as to the alleged error(s).  A party's general non-specific objection is insufficient to challenge findings by a magistrate judge.  28 U.S.C.A. § 636(b)(1).  The court has carefully considered all objections to the Report, and finds the same to be without merit.

## CONCLUSION

After a thorough review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law applicable to this case.  The court adopts the Report of the Magistrate Judge and incorporates it herein by this reference.  The Commissioner's objections are overruled.  For the reason set out hereinabove and in the Report, pursuant to

sentence four of 42 U.S.C. Section 405 (g), the Commissioner's final decision is reversed and remanded for further proceedings not inconsistent with this order.

    **IT IS SO ORDERED.**

                                                s/Timothy M. Cain
                                                United States District Judge

Greenville, South Carolina

January 5, 2012